# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5248-17T6

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

AARON NORMAN,

     Defendant-Respondent.

_____

Argued February 26, 2019 – Decided March 29, 2019

Before Judges Yannotti, Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-06-0956.

Claudia Joy Demitro, Deputy Attorney General, argued the cause for appellant (Gurbir S. Grewal, Attorney General, attorney; Claudia Joy Demitro, of counsel and on the brief).

Alyssa Aiello, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Alyssa Aiello, of counsel and on the brief).

PER CURIAM

The State appeals from an order entered by the Law Division on July 9, 2018, which dismissed an indictment charging defendant under N.J.S.A. 2C:39-9(a) with purposely and knowingly disobeying an order of pretrial release, entered by the court pursuant to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26. We reverse.

On September 26, 2017, defendant was charged in complaint-warrant W-2017-0620-0422 with third-degree theft by unlawful taking of movable property, contrary to N.J.S.A. 2C:20-3(a). The judge entered an order dated September 29, 2017, releasing defendant pretrial, subject to certain non-monetary conditions. Among other things, the order stated that defendant shall report to Pretrial Services once each month in person and by telephone, and that defendant "[s]hall not commit any offense during the period of release."

On February 10, 2018, defendant was charged in complaint-warrant W-2018-0091-1204 with third-degree eluding, in violation of N.J.S.A. 2C:29-2(b). He was also charged in complaint-warrant W-2018-0092-1204 with fourth-degree contempt of court, in violation of N.J.S.A. 2C:29-9(a). A judge entered an order releasing defendant subject to certain conditions.

A-5248-17T6

Thereafter, the State filed a motion for defendant's pretrial detention. The trial court conducted a hearing and denied the State's motion. The judge entered an order dated February 13, 2018, which released defendant on home detention and other non-monetary conditions. The order stated in pertinent part that defendant "[s]hall not commit any offense during the period of release."

On June 21, 2018, a Middlesex County grand jury returned Indictment No. 18-06-0955, which charged defendant with third-degree eluding. The grand jury also returned Indictment No. 18-06-0956 charging defendant with purposely or knowingly violating the court's September 29, 2017, pretrial release order.

On July 9, 2018, the trial court entered an order sua sponte dismissing Indictment No. 18-06-0956. The court found that the CJRA does not permit the State to charge a defendant with criminal contempt under N.J.S.A. 2C:29-9(a) based on violation of pretrial release order, and that double jeopardy protections bar the prosecution of the charge. The State's appeal followed.

On appeal, the State argues that: (1) the court should not have dismissed the contempt indictment because it was not palpably defective; (2) the plain language of N.J.S.A. 2C:29-9(a) and the CJRA allows the State to charge a defendant with contempt for a violation of a condition in a pretrial release order; (3) a contempt charge for violating a pretrial release order is consistent with the

purposes of the CJRA; (4) the contempt charge is consistent with New Jersey case law; (5) federal law does not preclude a contempt charge for violating the pretrial release order; (6) the Double Jeopardy Clause does not preclude the State from charging defendant with violating the pretrial release order; and (7) defendant was properly notified of the consequences of failing to comply with the court's order.

In response, defendant argues: (1) the trial court correctly decided to dismiss the charge of contempt under N.J.S.A. 2C:29-9(a); (2) the plain language of the CJRA and its legislative history show that the Legislature rejected contempt as a remedy for a violation of a pretrial release order; (3) the Legislature's intent to exclude contempt as a remedy is shown by its decision to differentiate the CJRA from analogous provisions of federal law and a District of Columbia statute; (4) New Jersey case law addressing similar violations of conditions of probation and bail supports the conclusion that a violation of a condition in a pretrial release order is not subject to prosecution for contempt under N.J.S.A. 2C:29-9(a); (5) the regulatory nature of the CJRA does not support the use of a contempt prosecution as a remedy for a violation of pretrial release conditions; (6) defendant was not properly notified he could be charged with contempt if he violated a condition of release; and (7) double jeopardy

4

protections preclude the State from imposing punishment for violating the pretrial release order and the related substantive offenses.

Having thoroughly considered the arguments of the parties, we conclude for the reasons stated in our opinion in State v. McCray, __ N.J. Super. __ (App. Div. 2019), which also is filed today, that the trial court erred by dismissing the indictment charging defendant with purposely or knowingly violating the court's pretrial release order.

The CJRA does not preclude the State from charging a defendant with contempt under N.J.S.A. 2C:29-9(a) based on a violation of a condition in a pretrial release order, and defendant had adequate notice that he could be charged under N.J.S.A. 2C:29-9(a) if he violated the order. Moreover, the double jeopardy protections in the United States Constitution and the New Jersey Constitution do not bar the State from prosecuting defendant for contempt under N.J.S.A. 2C:29-9(a), based on his commission of a new offense, and also prosecuting defendant for that substantive offense.

Reversed and remanded to the trial court for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5248-17T6